## Hodgson *versus* Millward.

1. When a defence depends wholly on the construction of the Constitution
of the United States and acts of Congress, the courts of the United States
have jurisdiction of the subject-matter, without regard to the citizenship of
the parties.

2. An officer acting in good faith under a warrant purporting to come from
his superior, whom he is bound to obey, is acting under "*color of autho-
rity*," whether the superior transgresses his power, or the warrant be irregular
or not.

3. This case (after verdict and before judgment) was properly certified into
the Circuit Court, and must be tried in the same manner as if brought here
by "*or as if it had been brought in said court by original process.*"

CERTIFICATE from the Supreme Court of Pennsylvania, at
NISI PRIUS, in pursuance of the order of MR. JUSTICE STRONG,
*supra.*

Opinion of the court, filed October 26, 1863, by

MR. JUSTICE GRIER.—This case has been removed into this
court under the provisions of the fifth section of the act of 3d
March, 1863 (in Stat. at Large, 756).

It is now moved to remit the record, on the allegation that
the case is not within the provisions of that act.   Although
the certificate of the judge who ordered the removal of the
case may not be conclusive on this court if we should be of
opinion that we cannot entertain jurisdiction of the parties or
of the cause, yet it lies on the party who alleges that fact to
make it clearly appear.

We see no reason to doubt the correctness of the decision of
the learned judge who has certified this case, and fully concur
in the opinion delivered by him.

It would be superfluous to repeat the argument so well
stated by that learned judge.   It is clear that the defence of
the defendants (if they have any) depends wholly on the con-
struction of the Constitution of the United States and of acts
of Congress.   The courts of the United States have therefore
jurisdiction of the subject matter without regard to the citizen-
ship of the parties.   The act of Congress already mentioned,
which authorizes the removal of such cases to this court, is
not alleged to be unconstitutional, nor that the party has not
pursued the mode pointed out by the act, in a case where
there has not been a final judgment, and which of course was
still "pending" in that court.

[Hodgson v. Millward.]

The objection that the record shows that the trespass with which the defendants are charged was not committed by virtue of any order of the President or under his authority, or under color of any act of Congress, cannot *now* be urged, as it constitutes the very question to be tried and determined by the court when the case shall be heard before a jury. Assuming the allegation to be true, that the President may have had no authority conferred on him to issue such order, and that the order issued by the United States attorney was irregular (or void), yet these are the very questions which the defendants have a privilege conferred by the statute of a trial and decision in the courts of the United States.

The order or warrant under which the defendants justify purported to have been issued by virtue of an authority derived from the President. This was "color" of authority, whether the substance existed or not. The argument, that color being an accident, cannot exist without substance, may be metaphysically correct, but has too much subtilty for practical application in the construction of statutes. We do not think it necessary to give a definition of "color of authority" to suit all cases. For the purposes of this case it is enough to say, that an officer acting in good faith under a warrant purporting to come from his superior whom he is bound to obey, is acting under "*color of authority*," whether his superior transgresses his power, or the warrant be irregular or not. This is the question to be tried under proper pleadings and evidence before a jury.

If the State court should assume to refuse to certify the case into this court, because in *their* opinion the superior officer had not authority, or the warrant was irregular and void, they would deny to the party the privilege conferred on him by the act, and treat its provisions with contempt.

This case was therefore properly certified into this court, and must be tried in the same manner as if brought here by appeal, "or *as if it had been brought in said court by original* process.

Motion denied.

NOTE.—The preceding case, involving principles and rights that are of so much importance, and that have not been fully and judicially settled, the reporter has thought it proper to publish, by way of note to this case, the opinions in the following three cases, by judges of eminent ability and reputation, in which the arguments for and against the constitutionality of the act of 3d March, 1863, "relating to *habeas corpus* and regulating judicial proceedings in certain cases," are clearly and forcibly presented.